[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PENDENTE LITE MOTIONS
This dissolution of marriage action was commenced by complaint returnable to this court on March 10, 1998.
The plaintiff is a podiatrist who owns his own practice and supplements the income derived from this practice with income from an Amway business. He is in good health and is 52 years old. The parties have been married for approximately nine years.
The defendant who worked for the past nine years in her husband's Amway business is presently unemployed and claims that she was forced to vacate the marital residence shortly after the commencement of these proceedings due to the tension created in the household. She also claims that she was unable to continue working in the Amway business due to the same tensions.
The defendant seeks orders of support pendente lite claiming that her only source of support are loans advanced to her by her mother and by David Burnett. She claims that she has been advanced $2800 by Burnett and $2000 by her mother since vacating the marital residence in late j February, 1998. Additionally she has charged certain sums on credit cards to pay for personal expenses and gasoline. The plaintiff claims to be making the minimum payment on credit cards which includes the charges made by the defendant.
The court finds after considering the factors set forth in General Statutes § 46b-83 and the evidence presented at the hearing on the support motion that a weekly support order of $250 per week is reasonably required for the support of the defendant and within the plaintiff's means to pay. This order is retroactive to June 22, 1998 and subject to further review after September 17, 1998.
Additionally the court enters the following orders which orders supercede the case management agreement of the parties: CT Page 8018
 1. Interrogatories and requests for production are to be filed within two weeks of the date of this order.
 2. Objections to interrogatories and request for production to be filed within two weeks of date of interrogatories.
 3. No appraisals are to be done nor any depositions noticed until further order of the court.
 4. Parties should attempt to identify a mutually acceptable real estate and small business appraiser but shall not retain either.
 5. Counsel and their clients are to be present for settlement conference at 69 Brooklyn Street on September 17, 1998 at 10:00 A.M.
 6. Financial statements are to be prepared and submitted to the court at the time of the conference. Any claim to premarital property shall be designated by a separate schedule to the affidavit or otherwise clearly indicated.
Zarella, J.